THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
ALBERTO GONZÁLEZ, Defendant and Appellant.

No. Cr-62-32.   Decided October 19, 1962.

*José Rafael Gelpí* for appellant.   *J. B. Fernández Badillo, Solicitor General,* and *Genaro Marchand, Assistant Solicitor General,* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

PER CURIAM.

Appellant was found guilty of a violation of Act No. 220 of 1948—33 L.P.R.A. § 1250—in its lesser degree.   It is alleged that "he had in his possession and sold *bolipool* tickets." Defendant requested particulars to plead.   They were furnished.   Among the details furnished was the fact that defendant supplied *bolita* material to other persons for distribution.   The defense alleges that this information furnished by the State makes the offense a felony, since it constitutes a violation of § 10 of the *Bolita* Act which punishes the operation of a *banca* used in that game.

■ Appellant is not right. Defendant committed two violations when he was caught violating the law. One, he sold a number to the witness introduced by the State. Another, he distributed material to another person. The People chose to charge him with the misdemeanor, *People* v. *Padilla*, 56 P.R.R. 138 (1940); *People* v. *Pérez*, 58 P.R.R. 542 (1941).

Appellant maintains that there is no evidence on the manner in which *bolipool* is operated. The following took place during the trial:

"District Attorney: It is urged that the court take notice of the manner in which the *bolita* or *bolipool* game is operated in Puerto Rico.
Hon. Judge: The defense, any objection?
Lic. Gelpí: No objection.
Hon. Judge: Judicial notice is taken of the manner in which the *bolita* game is operated in Puerto Rico." (Tr. Ev. 16.)

■ As may be noted, the defense made no objection to the proposition by the district attorney to take judicial notice of the manner in which the *bolita* or *bolipool* game is operated in Puerto Rico. The fact that the trial court in summing up the agreement did not refer specifically to *bolipool* is immaterial. Furthermore, the manner in which the games proscribed by Act No. 220 of 1948 are operated in Puerto Rico is of general knowledge, judicial notice of which may be taken.

■ Defendant challenges the weighing of the evidence by the trial judge. He maintains that the judge should have given credit to the alibi sought to be established by the defense. He points out contradictions in the prosecution evidence. We have examined the same and there is nothing to warrant disturbance of the weighing made by the trial court. The contradictions incurred by the prosecution witness do not warrant a reversal. The facts of this case occurred in the early part of February 1961, and when the

undercover agent made a note on the envelope where he put the ticket which he purchased from defendant he wrote down February 11, 1960 instead of 1961 which was the correct year. This error is immaterial, the witness explained it, and it is of general knowledge that when a new year begins reference is made for some time to the past year. The other contradiction is that on direct examination the prosecution witness testified that it was in his room that he put the tickets in the envelope and marked them (Tr. Ev. 16), while on cross-examination he said that it was in an outhouse of a *cafetín*. (Tr. Ev. 23.) Except for this contradiction, the remainder of the witness' testimony is untouched.

The judgment appealed from rendered by the Superior Court, Mayagüez Part, on June 20, 1961 will be affirmed.